NO. _C-00-131_

[To Be Supplied By The Clerk]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 2 2000

Michael N. Milby, Clerk

RENE CASTILLO,
                    Petitioner,

VS.

MICHAEL PURDY, WARDEN
F.C.I. THREE RIVERS,
                    Respondent.

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS
28 U.S.C. §2241

Rene Castillo
Reg. No. 79508-080
P.O. Box 4200
Three Rivers, Tx 78071

Petitioner Pro Se

2.

# TABLE OF CONTENTS

**ISSUES PRESENTED:**                                          **PAGE**

                              Issue One

       PETITIONER IS ENTITLED TO CREDITS ONTO HIS
       FEDERAL SENTENCE. THE TIME SPENT IN STATE
       CUSTODY.............................................. i

Table of Contents.................................................. i

Table of Authorities............................................... i

Memorandum In Support of
**28 USC §2241** Petition For
Writ of Habeas Corpus............................................. 1

Jurisdictional Statement.......................................... 1

Procedural History................................................ 2

Statement of Facts................................................ 3-4

Argument & Authorities,
Issue One......................................................... 5-8

Conclusion........................................................ 9

Attachments

# TABLE OF AUTHORITIES

**CASES:**                                                    **PAGE**

U.S. V. Maria 186 F.3d 65, 69
(2nd Cir. 1999)................................................... 7
Ex Parte Jasper 528 S.W.2d 782, 784
(Tex. Cr. App. 1976).............................................. 8
Ex Parte Williams 551 S.W.2d 416.................................. 8

**STATUTES:**

28 USC §2241...................................................... 1
18 USC §922(g)(1)................................................. 2,3
28 USC §2255...................................................... 2,3,4,5
18 USC §3585(b)................................................... 5,8,9

**UNITED STATES SENTENCING GUIDELINES:**

§5G1.3............................................................ 2,5
§5G1.3(b)......................................................... 5,6,7,8,9
§5G1.3(c)......................................................... 4,6,7
§5G1.3(a)......................................................... 6

CutePDF - www.tesop.com

UNITED STATES DISTRICT OCURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

Rene Castillo,             )
         Petitioner,    )
                       )
vs.                       )     CAUSE NO._____
                       )     **[To Be Supplied By The Clerk]**
Michael Purdy, Warden,   )
F.C.I. Three Rivers,      )
        Respondent.    )
                       )

## MEMORANDUM IN SUPPORT OF
## PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Rene Castillo, your Petitioner in the above styled and numbered cause, who hereby submit his, this instant **Memorandum In Support of Petition For Writ of Habeas Corpus.**

In support hereof Petitioner would state and show the Court as follows:

### JURISDICTIONAL STATEMENT

Petitioner is a Federal Prisoner, currently in custody of the Warden at F.C.I. Three Rivers, Texas, who claim that he is illegally detained and being denied time credits against his sentence.

Jurisdiction is invoked upon this Honorable Court pursuant to **28 U.S.C. §2241** to order the Respondent to accredit onto Petitioner's sentence, the proper time credits; jurisdiction is invoked upon this Honorable Court, where Petitioner attack the execution of his sentence, and not the imposition of sentence.

Petitioner has attempted to resolve the matter Administratively, to no avail, thus, Administrative remedy has been exhausted.

-1-

## PROCEDURAL HISTORY

Petitioner Rene Castillo was charged in a one-count criminal information, in the United States District Court, for the Western District of Texas, Austin Division, with possession of a firearm by a previously convicted felony, in violation of **18 U.S.C. §922(g)(1).** Pursuant to a plea agreement, Petitioner entered a plea of guilty to the criminal information. The district court sentenced Petitioner to a (77) month term of imprisonment, to be served consecutively to any term of imprisonment Petitioner was already serving, followed by a three-year term of supervised release. The district court further ordered that Petitioner pay a fine in the amount of $5,000.00 and a $100.00 mandatory assessment fee. Petitioner did not file a direct appeal of his conviction and sentence.

On or about August 10, 1998, Petitioner caused to be filed a **28 USC §2255** Motion in the United States District Court, Western District of Texas, Austin Division, where he raised the following grounds for relief:

> **1. Petitioner was illegally sentenced under a misapplication of the United States Sentencing Guidelines §2K2.1;**
>
> **2. The Court erred in failing to grant Petitioner credit onto his federal sentence, all time he had previously served in State Custody.**

On or about Nov. 1998, Petitioner caused to be filed his **28 USC §2255** Amended Motion, which he claimed that his counsel was ineffective in failing to raise for appeal review, the district courts erroneous USSG §2K2.1 four (4) level enhancement, and misapplication of USSG §5G1.3. On or about October 1998, the district court denied Petitioner's **§2255** Motion; the court held that Petitioner had waived his right to collateral attack his sentence.

ClibPDF - www.fastio.com

Petitioner filed a timely notice of appeal from the district courts order denying **28 USC §2255** Relief. and denial of a Certificate of Appealability (COA).  Petitioner's appeal was filed with the Fifth Circuit Court of Appeals, No. 98-51184.  On July 9, 1999, the Fifth Circuit Court of Appeals denied Petitioner a Certificate of Appealability, and dismissed the appeal.

## STATEMENT OF FACTS

On February 19, 1997, Petitioner was arrested for parole violation and a pending state charge for possession of cocaine, Case No. 96-2900, 299th District Court, Travis County, Tx.  Also, Petitioner was arrested on that date for a new charge of possession of marijuana.

On March 1999, the new state charge for possession of marijuana was dismissed by the State, due to pending federal charges. Petitioner was subsequently sentenced in State Court to (5) years state custody for the possession of cocaine charge.

On May 1997, while serving the state sentence for possession of cocaine, a detainer was lodged against Petitioner for possession of a firearm by a felon, Federal Statute, **18 USC §922(g)**.

On August 1997, Petitioner was bench warranted to the Bastrop County Jail to face the Federal Charge, Possession of a firearm by a felon.  After a plea negotiation with Federal Authorities, it was agreed upon that Petitioner would not be indicted for marijuana possession, if he entered a guilty plea to the weapons charge.  After agreeing to the terms of the negotiations, and agreement, Petitioner entered a guilty plea in federal court and was sentenced to (77) months,  Federal Custody, to run consecutively to his state sentence, on December 1997, and transferred back to State Custody.  On March 1998, while

-3-

CitePDF - www.texiia.com

serving the remainder of his state sentence for possession of cocaine, Petitioner's previous State Parole for aggravated possession of cocaine, Case No. 106,390, 299th District Court, Travis County, Tx., was revoked.

At the time of sentencing in Federal Court, Defense Counsel requested that Petitioner's federal sentence be ordered to run concurrent with his state sentence.

Petitioner was sentenced to two year sentences in Nos. 89-334, Case No. 97-395, and five years on Case No. 106,390, each to run concurrent with the other. Case Number 96-3535 was dismissed due to the plea agreement. After Petitioner served two (2) years and six (6) months in TDC, he disharged the two year sentences, and was paroled on the five year term.

At sentencing, defense counsel incorrectly argued that Petitioner's dismissed count, Case No. 96-3535, was the state sentence, for which the Federal sentence should run concurrent with. Petitioner pointed out to defense counsel that the charge had been dismissed. Petitioner informed defense counsel that the federal sentence should have been ordered to run concurrent with state Case No. 106,390. The Government argued that Petitioner's federal sentence should run consecutive to the five year state sentence, because Petitioner's parole had been revoked. The court ordered the Federal Sentence to run consecutive to the State sentence and applied U.S.S.G. §5G1.3(c).

Petitioner in an amended **28 USC §2255** Motion attached the copy of the parole revocation, which showed that at the time of federal sentencing, his state parole had <u>not</u> been revoked. **See, Attachment "A"**. hereto, The Federal Court ordered consecutive sentencing, pursuant to USSG §5G1.3(c), after finding that Petitioner's parole had been revoked, and because it was a complex situation.

-4-

CSXPDF - www.fesitu.com

## ARGUMENT & AUTHORITIES
## ISSUE ONE

1.  Petitioner is to be accredited onto his Federal Sentence, time credits from May 1997, (time the federal detainer was lodged);, or from December 15. 1997, to April 11, 1999, where Petitioner's State convictions had not been revoked at the time of federal sentence; and, there was not a complex situation; **18 USC §3585(b)** authorize the Bureau of Prisons to compute time credits.

In Petitioner's **28 USC §2255** proceedings, he argued that the district court violated title **18 USC §3585(b)** and **USSG §5G1.3** by ordering that his federal sentence be served consecutively to his state sentence.

The Magistrate issued it's Report and Recommendation, wherein it was recommended that Petitioner's issue be denied because, (1) " ... **Castillo's claim should be directed to the Bureau of Prisons because it relates to the manner in which his sentence is to be executed, not imposed. The manner in which Castillo's sentence is being executed by the Bureau of Prions is not cognizable under §2255 ...**".  See, Excerpt from **Magistrate's Report, Pages 6-7, ATTACHMENT "B"**, which reflect that the board of pardons and parole did not issue the Proclamation of Revocation and Warrant of arrest until March 5, 1998.  Thus, at the time of Federal Sentencing (Dec. 15. 1997), Petitioner's parole could not have been revoked; nor was there a complex situation concerning Petitioner's parole revocation.

Petitioner contend that he is entitled to time credits from Dec. 15, 1997, (date of federal sentencing), to April 11, 1999 (date released from State Custody to Federal Custody), to be applied to his federal sentence, because USSG.3[1] control Petitioner's federal sentence, where his State Parole had not in fact been revoked at the time of federal sentencing.

USSG **§5G1.3** provides that the sentence for an offense "Committed while

---

[1]
    **Subsection   (b)**

CUtPDF - www.fastio.com

the defendant was serving a term of imprisonment (including work release, furlough, or escape status), or after sentencing for, but before commencing service of, such term of imprisonment"...shall be imposed to run consecutively to the undischarged term of imprisonment".

USSG §5G1.3(a) does not apply to Petitioner's case, because he did not commit the federal offense while serving a term of imprisonment.  Under subsection (b), if subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of Imprisonment.[2/]  Thus, USSG §5G1.3(b) applied to Petitioner. However, the Court incorrectly applied USSG §5G1.3.(c) to Petitioner.  That section provides that, in any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutive to the prior undischarged term.

The Court in misapplying Subsection (c) and despite the broad discretionary language under Subsection (c) the Court claimed that Application Note 6 required a consecutive sentence.  Note 6 states that where a defendant commits a federal offense while on federal or state probation , parole, or supervised release, has been revoked, the sentence for the instant offense should be imposed to run consecutive to the term imposed for the violation of probation, parole, or supervised release.  Even had Subsection (c) applied

---

[2/]    In this case, Petitioner's state undischarged term of imprisonment was taken into account under criminal history category; Petitioner received 3 points for case Nos. 89-334, 97,395, 106, 390, 96-2900 (petitioner was serving parole revocation sentence 96-2900 at the time he was warranted from state custody to federal court. )

-6-

CIMPDF - www.texisi.com

to Petitioner's case, the court erred when believing it was bound to impose the sentence consecutive, where section (c), Application Note 6, the district court retains the discretion to impose a concurrent or partially concurrent sentence.  See, **U.S. V. MARIA 186 F.3d 65, 69 (2nd Cir. 1999).** However, it is undisputed that Subsection (b) control in the instant case, where it is reflected by the **ATTACHMENT " C ", Excerpt From PSI Report,** that the prior undischarged sentences were in fact taken into account at the time of federal sentencing.

Although it was clear that Petitioner's parole had not been revoked and that the prior state offenses were taken into account, the federal sentencing court, additionally concluded that Subsection (c) applied to Petitioner, because of a complex situation.  What the court termed "Complex Situation", is as follows:  Petitioner was sentenced in State Court in to two (2) year sentences, Case Nos. 89-334, 97-395, and five (5) years in Case No. 106, 390, each to run concurrent with the other.  Petitioner served two (2) years and six months in TDC (he discharged the two year sentences), and was paroled on only the five year term.  The only parole for which Petitioner was serving at the time of federal sentencing was, Case No. 106.390. Petitioner was imposed in addition five (5) year sentence in 1997, Case No. 97-2900.  While serving the State Sentence for Parole violation, (Case No. 106.390, he paroled from the parole violation, to the five (5) year State imposed sentence, 96-2900.  At the time Petitioner was sentenced in federal court (Dec. 15. 1997), he was serving state sentence (96-2900).  The situation was not as complex as the court construed it to be.  Clearly if Petitioner was serving concurrent 5 and 2 year terms, after more than (2) years from the

-7-

date of imposition of those sentence, the (2) year terms would have been fully expired; those terms were imposed in (19  ), more than (2) years prior to federal sentencing; nothing was complex about the situation.

It is clearly shown from the record that Petitioner's federal sentence should have been concurrent with this state sentence, because, **(a) USSG §5G1.3** applied, when his state sentences were taken into account at federal sentencing, **(b)** when Petitioner's state parole had not been revoked, **(c)** there was no complex situation.

### Lodged Detainer:

Petitioner remained in state custody from December 15, 1997, until April 11, 1999.  Pursuant to Statute **18 USC §3585(b)** Petitioner is guaranteed the right to receive credit for the approximately (23) [2/] months served in State and federal detention (from the date the federal detainer was lodged/date upon which Petitioner was sentenced in Federal Court), preceding his release from state custody, to federal custody, on April 11, 1999.  See **Ex Parte Jasper** [*] ; **Ex Parte Williams** [*] .

While Petitioner was in state custody, and on May 1997, a Federal Detainer was lodged against him, to answer the pending Federal Charges for which sentence is now serving.

---

[**]  528 S.W.2d 65, 69, (Tex. Cr. App. 1976); 551 S.W.2d 416.

---

[2/]  **Seventeen (17) months from the date of Federal Sentencing.**

-8-

CutePDF - www.kvisoft.com

## CONCLUSION

**WHEREFORE** premises considered herein above, Petitioner pray the Court will, **(1)** issue a order, directing the Institution and/or Bureau of Prisons to accredit onto Petitioner's current federal sentence twenty-three (23) months (time from May 1997-date detainer was lodged against Petitioner), to April 11, 1999, (time Petitioner was released to federal custody); **(2)** or, order that Petitioner be accredited onto his federal sentence, seventeen (17) months, (time from the imposition of federal sentence, to the time of release from state custody to federal custody).

OR IN THE ALTERNATIVE, the Court should grant whatever relief the Court deem proper and just.

Respectfully Submitted,

**Rene Castillo**
**Reg. No. 79508-080**
**P.O. Box 4200**
**Three Rivers, Tx 78071**

# A T T A C H M E N T   "A"

©2sPDF – www.fastio.com

# STATE OF TEXAS
## BOARD OF PARDONS AND PAROLES
### PROCLAMATION OF REVOCATION AND WARRANT OF ARREST

TO ALL WHOM THESE PRESENTS SHALL COME:          DPS#: 3185200

WHEREAS **RENE CASTILLO, # 686298** was convicted of a felony offense of the Penal Code and sentenced to imprisonment in the Institutional Division, released to administrative supervision under Certificate No.01-11-96-686298 and subsequently failed to fulfill the terms and conditions of said release, and is therefore not worthy of the trust and confidence therein placed:

NOW, THEREFORE THE BOARD OF PARDONS AND PAROLES, by virtue of the authority vested in it under the laws of the State, does hereby **REVOKE** that administrative release and same shall be null and void and of no force and effect as of this date. It is hereby ORDERED THAT A WARRANT issue and the aforementioned person be returned to be confined in the Institutional Division to serve the sentence originally imposed or so much thereof as had not been served at the time of administrative release; and the time during which subject has been at large or on administrative release shall not be considered or credited to subject on such sentence.
************************************************************************
TO ANY SHERIFF, PEACE OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO MAKE ARRESTS, OR THE SUPERINTENDENT, WARDEN OR OTHER PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION, FEDERAL OR STATE:

WHEREAS SUBJECT, a convicted felon and a prisoner of the State of Texas, administratively released from the custody of the Institutional Division, has violated the conditions of administrative release, and the Board of Pardons and Paroles has revoked same;

NOW, THEREFORE IT IS ORDERED that any person to whom this proclamation and warrant shall come is hereby authorized and directed to arrest said fugitive administrative release violator and hold in custody, and deliver or yield said person to the custody of officers of the Institutional Division of the State of Texas for return to said institution. All parties are hereby informed that said administrative release violator waived the right of extradition as a condition of administrative release. The process is issued upon the authority of the Board of Pardons and Paroles as provided in Article 42.18, Texas Criminal Procedure. __THIS PROCLAMATION OF REVOCATION/WARRANT OF ARREST IS NOT SUBJECT TO BAIL.__

By _____
                Board Chairman
        Board of Pardons and Paroles
        P. O. Box 13401          Phone
        Austin, Texas 78711 (512)406-5452
        Teletype# BPPZ or ORI# TX227015G
        CUSTODY CO.: N/A

    03-05-98          WARRANT NO. 03-05-98-686298
   ISSUE DATE              RULE #:2-POSS COCAINE
Revocation Grounds:       DPS
XX do include new conviction    TDCJ-ID
__ do not include new conviction SUPV REGION/
                             AGENT REGION/
                             SUPV OFF//
                             AGT OFF//
                             RELEASEE
DAYS CONFINED PREV PRWs: 0   SUBJ IN JORDAN UNIT,NEW TDC# 783807
BPP-COC-98 (R-04-06-94)         IN CUSTODY DATE: UNKNOWN

# A T T A C H M E N T    "B"

©PDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

| | | |
|---|---|---|
| RENE CASTILLO | § | |
| | § | |
| V. | § | CAUSE NO. A-98-CA-504-JN |
| | § | (CAUSE NO. (A-97-CR-157) |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE JAMES R. NOWLIN
       UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended, effective January 1, 1994.

Before the Court is Castillo's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Clerk's Doc. No. 22) filed on August 10, 1998. On September 8, 1998, the Government filed a Response (Clerk's Doc. No. 26). Movant Castillo has failed to file a Reply.

## BACKGROUND

Movant Rene Castillo was charged in a one-count criminal information with possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(i). Pursuant to a plea agreement, Castillo entered a plea of guilty to the criminal information. The district court sentenced Castillo to a 77-month term of imprisonment, to be served consecutively to any term of imprisonment Castillo was already serving, followed by a three-year term of supervised release. The district court further ordered that Castillo pay a fine in the amount of $5,000 and a $100 mandatory assessment fee. Castillo did not file a direct appeal of his conviction and sentence.

27

relatedly contends that the court misapplied U.S.S.G. § 5G1.3 by ordering that his federal sentence be served consecutively to his state sentence.

## 18 U.S.C. § 3585(b)(2)

Title 18, United States Code, Section 3585(b)(2) provides that a defendant is to be given credit toward the service of a term of imprisonment for any time that the defendant has spent in official detention either as a result of the sentence imposed or as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed and that has not been credited against another sentence.

The district court, when sentencing Castillo in the instant offense, was not required to give Castillo credit for the time he spent in state custody for the drug offense in cause #963535. In *United States v. Wilson*, 503 U.S. 329 (1992), the Supreme Court held that "Section 3585(b) [did] not authorize a district court to compute the credit at sentencing." The Court further held that "the district court . . . could not have made the necessary computation at sentencing, since the credit is based on how much time a defendant 'has spent' (not 'will have spent') prior to beginning his sentence." *Id.* at 329. Because the district court could not compute the credit at the time Castillo was sentenced in the instant offense, and because the sentence is the instant offense has not yet commenced, the computation for credit must be made by the Attorney General through the Bureau of Prisons (BOP). *Id.* at 330. Notably, Castillo is in state custody and he has not began to serve his federal sentence. In *Wilson*, the Court stated the following:

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has . . . to make the determination as an administrative matter.

6

# A T T A C H M E N T    "C"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA    )
                            )
          vs.           )   PRESENTENCE INVESTIGATION REPORT
                            )
RENE CASTILLO             )     Docket No. A-97-157-JN

---

**Prepared For:**    The Honorable James R. Nowlin
                       U.S. District Judge

**Prepared By:**     Karen L. Collins
                       U.S. Probation Officer
                       Austin, Texas
                       (512) 916-5761 ext. 242

**Assistant U.S. Attorney**           **Defense Counsel**
Gerald Carruth                     Bill Ibbotson
816 Congress Ave., Suite 1000     Assistant Federal Public Defender
Austin, Texas  78701              (Court-appointed)
(512) 916-5858                   800 Brazos, Suite 490
                                 Austin, Texas  78701
                                 (512) 482-5025

**Sentence Date:**    12/11/97

**Offense:**         <u>Count 1</u>:  Possession of a Firearm by a Felon,
                     18 U.S.C § 922(g)(1), 10 years imprisonment, 3
                     years supervised release, $250,000 fine

**Release Status:**    On writ from TDC.

**Detainers:**       None.

**Codefendants:**     None.

**Related Cases:**     None.

**Date Report Prepared:**   11/14/97     **Date Report Revised:** 12/4/97

28.  **Adjustments for Role in the Offense:**  None.                    <u>0</u>

29.  **Adjustment for Obstruction of Justice:**  None.                  <u>0</u>

30.  **Adjusted Offense Level (Subtotal):**                            <u>14</u>

31.  **Adjustment for Acceptance of Responsibility:**  The             <u>-2</u>
     defendant demonstrates an acceptance of personal
     responsibility for his criminal conduct.  Pursuant to
     U.S.S.G. § 3E1.1(a), the offense level is reduced
     2 levels.

32.  **Total Offense Level:**                                          <u>12</u>

33.  **The Greater Offense Level:**                                    <u>17</u>


**PART B.  DEFENDANT'S CRIMINAL HISTORY**

   **Juvenile Adjudication(s)**

34.  None indicated.

   **Adult Criminal Conviction(s)**

| | Date of <u>Arrest</u> | Conviction/ <u>Court</u> | Date Sentence <u>Imposed/Disposed</u> | Guideline/ <u>Score</u> | |
|---|---|---|---|---|---|
| 35. | 11/16/85 (age 20) | DWI; #11,878 County Court at Law. Williamson County, TX | 12/4/85: Pled guilty. 72 hours jail and fined $400. | 4A1.1 | 0 |
| 36. | 8/2/87 (age 23) | Theft: #89,334 331st District Court Travis County, TX | 9/28/89: Pled guilty 6 years probation. 12/3/90: Probation revoked. 2 years TDC served in county jail. 5/24/91: Paroled. 3/3/94: Parole revoked. 11/10/95: Paroled. | 4A1.1(a) | 3 |

   A police report indicated that the defendant and two
accomplices were arrested while trying to sell a Compaq
computer and an Epson printer.  Defendant was represented
by an attorney.


6

CutePDF - www.fastio.com

| 37. | 5/31/89 (age 23) | Burglary of a Building; #97,395 331st District Court Travis County, TX. | 9/28/89: Pled guilty. 6 years probation plus $21,896.79 in restitution. 12/3/90: Probation revoked. 2 years TDC served in county jail. 5/24/91: Paroled. 3/3/94: Parole revoked. 11/10/95: Paroled. | 4A1.1(a) | 3 |

The offense report indicated that after an investigation, the defendant was arrested for Burglary of a Building and Unlawful Carrying of a Weapon to wit: a blue steel RG model 14S .22 caliber revolver.   Defendant was represented an attorney.

| 38. | 11/19/90 (age 26) | Aggravated Possession of a Controlled Substance to wit: Cocaine; #106,390 299th District Court Travis County, TX. | 12/21/90: 5 years TDC. 5/24/91: Paroled. 3/3/94: Parole revoked. 11/10/95: Paroled. | 4A1.1(a) | 3 |

The defendant was represented by an attorney.

| 39. | 7/31/96 (age 32) | Possession of a Controlled Substance; #96-2900 299th District Court Travis County, TX. | 4/4/97: Pled guilty. 5 years TDC. | 4A1.1(a) | 3 |

The offense report indicated that the defendant was a passenger in a vehicle that was stopped for a traffic violation.  A clear plastic baggie with a substantial amount of white powder was later tested and confirmed to be 27.61 grams of cocaine.   The defendant was represented by an attorney.

The defendant stated that he posted bond for this offense, but he did not appear in court as directed.  He also stated that he was picked up on an outstanding warrant for this offense on 2/19/97 at the time of the instant offense.

7

| 40. | 2/19/97<br>(age 32) | Possession of<br>Marijuana;<br>#96,3535 299th<br>District Court<br>Travis County,<br>TX. | 4/4/97: 5 years<br>TDC. | 4A1.1(a) | 0 |

The offense report indicates that a narcotics search warrant was executed at 3414-D Willowrun where the defendant resided with a roommate. Marijuana was located in both bedrooms. A loaded Taurus blue steel .44 caliber revolver and a box of 33 cartridges of Remington and .44 caliber ammunition. The defendant was represented by an attorney. This offense is treated as relevant conduct and as such, no points are given.

### Criminal History Computation

41. The criminal convictions above result in a sub-total criminal history score of 12.

42. At the time the instant offense was committed, the defendant was on parole for the sentence imposed on 12/21/90. Pursuant to U.S.S.G. § 4A1.1(d), 2 points are added.

43. The instant offense was committed less than 2 years following the defendant's release from custody on 11/10/95 for the sentence of 12/21/90. Pursuant to U.S.S.G. § 4A1.1(e), 1 point is added.

44. The total of the criminal history points is 15. According to the Sentencing Table at USSG Chapter Five, Part A, 15 criminal history points establish a criminal history category of VI.

### Other Criminal Conduct

45. None indicated.

### Pending Charges

46. None indicated.

### Other Arrests

| Date of<br>Arrest | Charge | Agency | Disposition |
|---|---|---|---|
| 47. 12/25/82<br>(age 18) | Public<br>Intoxication /<br>Retaliation | Laredo, TX. | Case<br>dismissed.<br>Hardship<br>case,<br>defendant was<br>in the armed<br>services. |

8