IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JUL 27 2000

Michael N. Milby, Clerk

RENE CASTILLO,     §
        Movant,    §
                   §
   v.              §
                   §
MICHAEL PURDY, WARDEN   §     CIVIL ACTION NO. C-00-131
        Respondent.     §
(CRIMINAL NO. A-97-157 JRN)   §

## UNITED STATES' REVISED ANSWER, MOTION TO DISMISS RENE CASTILLO'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241, AND SUPPORTING BRIEF

The United States of America on behalf of Michael Purdy, Warden, Plaintiff-Respondent, by the United States Attorney for the Southern District of Texas, files this revised answer and moves this court to dismiss Rene Castillo's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

1.    **Jurisdiction**.  This court has jurisdiction under 28 U.S.C. § 2241.

2.    **Procedural history**.  On October 3, 1997, a one-count criminal information was filed in the United States District Court for the Western District of Texas, Austin Division, charging Rene Castillo ("Castillo") with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) (Doc. 10).  On October 22, 1997, pursuant to a written plea agreement, Castillo entered a plea of guilty to the single-count information (Doc. 11, 17).  Pursuant to the terms of the plea agreement, Castillo waived his right to appeal his sentence, except for an upward departure (Doc. 11; PSR ¶2). On December 12, 1997, the Honorable James R. Nowlin sentenced Castillo to 77 months in the custody of the Bureau of Prisons to run consecutively to any term of imprisonment which Castillo is now serving, to be followed by a 3-year term of supervised release, a $5,000 fine, and a $100 mandatory special assessment (Doc. 20).

16.

CNIPDF - www.fineio.com

Castillo did not file a direct appeal of his sentence or conviction. He is currently incarcerated at the Federal Correctional Institution (FCI), Three Rivers, Texas. On August 10, 1998, Castillo filed a Motion to Vacate, Set aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, in the United States District Court for the Western District of Texas, Austin Division, Cause No. A-98-CA-504-JN (Doc. No. 23), which the Magistrate Judge recommended be denied on October 7, 1998 (Doc. 28). On October 29, 1998, the district court accepted the Magistrate Judge's recommendation and denied Castillo's § 2255 motion because he had waived his right to collaterally attack his sentence (Doc. 30). The judgment became final on October 30, 1998 (Doc. 31). On November 16, 1998, Castillo filed a notice of appeal on the denial of his § 2255 petition (Doc. 32). On February 22, 1999, the Fifth Circuit denied his motion for certificate of appealability (Doc. 39) and dismissed his appeal on July 13, 1999 (Doc. 43).

At the time his federal sentence was imposed on December 12, 1997 (Doc. 20), Castillo was in state custody. As Castillo alleges in his § 2241 motion at page 3, on February 18, 1997, he was arrested for parole violation and a pending state charge for possession of cocaine, in Cause No. 96-2900, 299th District Court, Travis County, Texas, and sentenced to five (5) years. He contends that he was also arrested on that date for a new charge of possession of marihuana, which was dismissed by the State in March 1999, due to pending federal charges. Castillo's contention is contradicted by the presentence report (PSR) which indicates he was convicted of Possession of Marihuana on April 4, 1997, in Cause No.96-3535, 299th District Court, Travis County, Texas, and was sentenced to 5 years state custody (PSR ¶39).

On February 18, 1997, Castillo's state parole was revoked in the following cases: Theft, 331st District Court, Travis County, Texas, Cause No. 89-334; Burglary of a Building, 331st District Court,

-2-

Travis County, Texas, Cause No. 97-395; and Aggravated Possession of Cocaine, 229th District Court, Travis County, Texas, Cause No. 106,390 (PSR ¶35, 36, 37).

On April 4, 1997, Castillo pleaded guilty to Possession of a Controlled Substance (Cocaine), 299th District Court, Travis County, Texas, in Cause No. 96-2900, and was sentenced to 5 years state custody (Note: this is the same date that Castillo received a 5 year sentence on the Possession of Marihuana conviction in Cause No. 96-3535). Castillo was picked up on an outstanding warrant for this offense on February 19, 1997, at the time of the instant offense (i.e., felon in possession of a firearm) (PSR ¶38).

In May 1997, while serving his state sentence for possession of cocaine, a federal detainer was lodged against Castillo for the underlying charge in the instant case–possession of a firearm by a convicted felon.

On September 9, 1997, while still in state custody Castillo was "borrowed" by the U.S. Marshal's Service on a writ of habeas corpus ad prosequendum. On December 11, 1997, he received his federal sentence of 77 months. After his federal sentence was imposed, he was returned to state custody to complete the remainder of his state sentence for his parole revocations and Possession of a Controlled Substance (Cocaine) conviction, in Cause No. 96-2900, and Possession of Marihuana conviction in Cause No. 96-3535. He was released from his state sentence via parole on April 12, 1999, to begin serving his federal sentence under the custody of the Bureau of Prisons (BOP) (Gov. Exhibit 1 at p. 4 [litigation report dated June 30, 2000, from Julie H. Gerardi, Paralegal Specialist with the BOP at FCI Three Rivers, with attachments]).

Castillo's proposed federal release date is November 13, 2004, based on good conduct. That date represents a best-case scenario whereby Castillo is presumed to receive all possible good-conduct time sentence credit for which he is eligible without any disallowances due to disciplinary

sanctions. In the event all Castillo's good-conduct time sentence credit is disallowed, then his expected release date is September 11, 2005 (Gov. Exhibit 1 at p. 1 and Sentence Monitoring Computation Data sheet following p. 8).

The instant Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 was timely filed on May 2, 2000 (Civ. Doc. 1). Although the issues raised in Castillo's Petition under § 2241 are more appropriate for a § 2255 motion, Castillo has already filed a previous § 2255 motion. In view of the prior § 2255 motion, Castillo may raise these issues in his § 2241 petition. The United States was ordered to respond to his § 2241 petition. The United States timely filed its initial Answer, Motion to Dismiss, and Supporting Brief on July 5, 2000.

On July 18, 2000 the District Court enter an Order Striking Pleading signed July 17, 2000, striking without prejudice the United States' initial Answer, Motion to Dismiss, and Supporting Brief. The United States was ordered to re-file the pleading, in more appropriate form, within 10 days of the entry of the Order Striking Pleading.

3.   **Statement of facts**. The statement of facts are set forth in the presentence report ("PSR") and is attached hereto as Appendix A.

4.   **Allegations**. In support of his habeas corpus petition, Castillo asserts he is statutorily guaranteed to receive credit for time he spent in state custody, yet he appears to be confused as to the exact amount of time he feels he is entitled to receive. Castillo contends he is entitled to time credits from the date his current federal sentence was imposed through the date he was released from state custody. Somewhat inconsistently, he also contends he is entitled to receive time credit from the date of the imposition of the federal detainer through the date he was released from state custody. Castillo has provided the court with two alternatives for relief: (1) the court should order the Bureau of Prisons to credit his current federal sentence 23 months from May 1997 (the date the detainer was

-4-

lodged against him) through April 12, 1999 (the date he was released from state custody to federal

custody); or (2) alternatively, the court should order the Bureau of Prisons to credit his current

federal sentence 17 months from December 12, 1997 (the date of imposition of his current federal

sentence), through April 12, 1999, (the date he was released from state custody to federal custody.)

5.      **Transcripts.**  The pleadings are on file in the criminal file (Crim. # A-97-157 JRN) in the

clerk's office at Austin, Texas.

6.      **Answer and motion to dismiss.**

    A.      <u>Castillo waived his right to appeal his sentence.</u>

    Since Castillo, as part of his written plea agreement, waived his statutory right to appeal his

sentence (Doc. 11; PSR ¶2), and since such a waiver of appeal is permissible, *United States v.

Melancon*, 972 F.2d 566 (5th Cir. 1992): *United States v. Portillo*, 18 F.3d 290 (5th Cir. 1994), he was

unable to appeal and his sentence became final.  He may not now directly challenge that sentence

by seeking to modify his sentence through jail credits on a 28 U.S.C. § 2241 motion (note that his

prior § 2255 motion was dismissed because he had waived his right to appeal his sentence or

collaterally attack it).

B.     Castillo has not exhausted his administrative remedies.

Castillo has not exhausted his administrative remedies to appeal the decision of the regional

office of the BOP not to grant credit for jail time spent in state custody of either 23 or 17 months

against his federal sentence of 77 months.  On this basis, the petition should be denied.

Part 542 of 28 CFR, §§ 542.10 - 542.16 sets forth the administrative remedies available to

Castillo to exhaust his claim the BOP has failed properly to calculate his jail credits.  Although a

prisoner serving his federal sentence in a state facility cannot fully comply with the administrative

procedures and although § 542.10 states a non-application of the regulations to inmates confined in

state custody, exhaustion is still required. *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990);

*United States v. Wilson*, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992).  The BOP has established

a three-tier administrative process whereby an inmate may redress the deprivation of any right to

which he is entitled.  The three-tier process is initiated at the inmate's institution of confinement and,

if dissatisfied with the Warden's response, the inmate may appeal to the Regional Director.  If the

inmate is dissatisfied with the Regional Director's response, then the inmate may appeal to the Office

of the General Counsel, BOP.  An inmate is not deemed to have exhausted his administrative

remedies until he has been denied relief at all three levels. *See* 28 C.F.R. § 542.10 *et seq*.  Castillo

has not exhausted his administrative remedies (Gov. Exhibit 1, Attachment B).

C.     The Merits of Castillo's § 2241 Writ.

Assuming, *arguendo*, that Castillo is not required to exhaust his administrative remedies

further, his writ is without merit and should be denied.  Castillo has received credit for all the time

spent in state custody against his state sentences and is not entitled to a second credit of the same

time against his federal sentence.  This is especially applicable here where the district court ordered

-6-

that his sentence run "consecutively to any term of imprisonment the defendant is now serving" (Doc. 20; Gov. Exhibit 1, Attachment A).

Castillo alleges in his complaint that on February 19, 1997, he was arrested for a parole violation and a pending state charge for Possession of Cocaine, Case No. 96-2900. He further alleges that during March 1999, he received a five-year state sentence for the above cited Possession of Cocaine case. Petitioner further alleges that during March 1998, his state parole for Aggravated Possession of Cocaine, Case No. 106, 390, was revoked.

Castillo is attempting to persuade the court that his parole violations occurred after his federal sentence was imposed. The PSR (Gov. Exhibit 1, Attachment C) indicates Castillo's parole revocations occurred prior to his federal sentencing. On February 18, 1997, Castillo's state parole was revoked in the following cases: Theft, Cause No. 89-334; Burglary of a Building, Cause No. 97-395; and, Possession of Cocaine, Cause No. 106,390. On April 4, 1997, Castillo received a five-year state sentence for Possession of Marijuana, Case No. 96-3535. On April 4, 1997, Castillo also received a five-year state sentence for Possession of a Controlled Substance, Case No. 96-2900.

On September 9, 1997, while still in state custody, Castillo was "borrowed" by the U.S. Marshals, on a writ of habeas corpus ad prosequendum. On December 11, 1997, Castillo received his current federal sentence of 77 months. Due to the fact Castillo was "borrowed" from the state for federal sentencing, the U.S. Marshals returned him to the custody of the State of Texas to complete the remainder of his state sentence. He was released from his state sentence via parole on April 12, 1999, to begin service of his federal sentence.

## BASIC FEDERAL SENTENCE COMPUTATION DECISIONS

In any computation of a federal sentence, two separate decisions must be made: when the federal sentence commences and to what extent the petitioner can receive credit for time spent in

custody prior to commencement of sentence. For offenses committed prior to November 1, 1997,

each of these decisions is governed by repealed 18 U.S.C. § 3568. Section 3568 specifies that the

Attorney General is responsible for sentence computation decisions. For offenses committed on or

after November 1, 1987, commencement of federal sentences is governed by 18 U.S.C. § 3585(a).

Prior custody credit is governed by 18 U.S.C. § 3585(b). The provisions of § 3585 were designed

to maintain the same basic authority for sentence computation in the Attorney General as under its

predecessor. 18 U.S.C. § 3585(b) is a re-codification of its predecessor statute 18 U.S.C. § 3568,

which stated in relevant part:

> The sentence of imprisonment of any person convicted of an offense shall commence
> to run from the date on which such person is received at the penitentiary,
> reformatory, or jail for service of such sentence. The Attorney General shall give any
> such person credit toward service of his sentence for any days spent in custody in
> connection with the offense or act for which sentence was imposed. 18 U.S.C. §
> 3568.

A defendant shall be given credit toward the service of a term of imprisonment for any time he has

spent in official detention prior to the date the sentence commences--(1) as a result of the offense for

which the sentence was imposed; or (2) as a result of any other charge for which the defendants was

arrested after the commission of the offense for which the sentence was imposed; that has not been

credited against another sentence. 18 U.S.C. § 3585(b).

Based upon the above analysis, Castillo cannot statutorily receive the credit he feels he is

entitled to receive. At the time of his federal sentencing, he was under exclusive jurisdiction of the

State of Texas. He was in service of his state sentence and was receiving credit toward that sentence,

therefore, he is not entitled to receive any credit toward his federal sentence.

In *Wilson, supra*, 503 U.S. at 334, 112 S. Ct. at 1354, the United States Supreme Court held

that § 3585(b) credit awards are to be made by the Attorney General, through the Bureau of Prisons,

after sentencing. Prisoners may then seek administrative review of the computations of their credit. *See* 38 C.F.R. § 542.10-542.016 (1990), and once they have exhausted their administrative remedies, prisoners may only then pursue judicial review of these computations. *Wilson, supra.* As previously indicated, Castillo has failed to exhaust his administrative remedies, pursuant to the requirements of 38 C.F.R. § 542.10-542.016.

## COMMENCEMENT OF FEDERAL SENTENCE

The underlying principle of both repealed § 3568 and present § 3585(a) is that a federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence. *Pinaud v. James*, 851 F.2d 27, 30-31 (2d Cir. 1988); *Salley v. United States*, 786 F.2d 546, 548 (2d Cir. 1986).

A federal sentence does not begin to run when a federal defendant is produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody. *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992); *Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991). The state authorities retain primary jurisdiction over the prisoner. Federal custody does not commence until the state authorities relinquish the prisoner on satisfaction of the state obligation. *See Del Guzzi v. United States*, 980 F.2d 1269, 1271 (9th Cir. 1992); *Thomas v. Whalen, supra.* The sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquished it to another sovereign by, for example, bail release, dismissal of the state charges, parole release, or expiration of state sentence. *United States v. Warren*, 610 F.2d 680, 685 (9th Cir. 1980). When a prisoner is borrowed from the primary custodian via a writ of habeas corpus ad prosequendum, principles of comity require the return of the prisoner to the primary custodian when the prosecution has been completed.

## PRIOR CUSTODY TIME CREDIT

Time in custody of the United States Marshal pursuant to a federal writ of habeas corpus ad prosequendum from state custody is not federal custody in connection with the federal offense. *Thomas v. Whalen, supra*; *Miller v. United States,* 826 F. Supp. 636, 638 (N.D.N.Y. 1993). The Supreme Court has noted that under § 3585 (b), "Congress made clear that a defendant would not receive double credit for his detention time." *Wilson*, 112 S. Ct. at 1356. Under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit towards another sentence. There are some limited exceptions, *see Kayfez v. Gasele,* 993 F.2d 1288, 1290 (7th Cir. 1993), but the general rule is that no credit is afforded towards a federal sentence if credit has been given for the same period of custody towards a state sentence.

## SCOPE OF AUTHORITY

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, and has delegated that authority to the Director of the Bureau of Prisons. 18 U.S.C. § 3585; *See Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996). Castillo's sentence was computed in accordance with statutory authority. He is not entitled by statute to receive prior state custody credit toward his federal sentence.

## CONCLUSION

Castillo's assertion that he is entitled to time credit from May 1997, through April 11, 1999, is without merit. Although Castillo was in the custody of federal authorities, he was simply "borrowed" for purposes of prosecution. The State of Texas maintained exclusive jurisdiction. The State of Texas did not relinquish their jurisdiction over Castillo until he began his federal sentence on April 12, 1999.

Castillo failed to exhaust the administrative remedies available to him in accordance with 38 C.F.R. § 542.10-542.016. His sentence was correctly computed in accordance with 18 U.S.C. § 3585(b). Therefore, he is not entitled to receive any of the jail credit he is requesting.

-10-

7.    **Evidentiary Hearing.** Under 28 U.S.C. § 2243, this Court shall make such disposition of the motion as justice dictates. The allegations raised by Castillo regarding the exhaustion of his administrative remedies and his jail credit time may properly be resolved under Fed. R. Crim. P. 36 without a hearing on the basis of the record before this Court, which conclusively shows that no relief is appropriate. No evidentiary hearing is required. *United States v. Smith,* 915 F.2d 959, 964 (5th Cir. 1990); *United States v. Santora,* 711 F.2d 41 (5th Cir. 1983).

8.    **Conclusion**. For these reasons, Castillo's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 should be dismissed without prejudice for failure to exhaust his administrative remedies or denied if decided on the merits.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

David H. Peck
Assistant United States Attorney
910 Travis, Suite 1500
P. O. Box 61129
Houston, Texas 77208-1129
(713) 567-9369
TX Bar Card No. 15701980
So. Dist. ID No. 6295

## CERTIFICATE OF SERVICE

I, David H. Peck, Assistant United States Attorney, certify that a copy of this *Revised* answer

and motion to dismiss Rene Castillo's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §

2241 and supporting brief has been served by placing it in the United States mail, postage prepaid,

on _____, 2000, addressed to:

Rene Castillo
Reg. # 79508-080
P.O. Box 4200
Three Rivers, Texas 78071

_____
David H. Peck
Assistant United States Attorney

# APPENDIX A

STATEMENT OF FACTS FROM:

*UNITED STATES V. RENE CASTILLO*
CRIMINAL NO. A-97-157-JN

On February 19, 1997, members of the Austin Police Department (APD) conducted an ongoing narcotics investigation of Rene Flores who was residing at 3414 Willowrun Drive #D, Austin, Texas.  On the same date, a narcotic search warrant was executed on the Flores' residence. A loaded Taurus .44 magnum revolver was found in Flores' bedroom.  Some marihuana was found in a bedroom belonging to Rene Castillo ("Castillo"), who had been Rene Flores' roommate since January 5, 1997.

Castillo would have packages of marihuana mailed to his girlfriend's house from an individual named "Roy" in Laredo.  On at lease one occasion, Castillo had Flores pick-up the marihuana from the girlfriend's house.  Flores told authorities that Castillo told him that an individual named Martin Rios gave Castillo the handgun in exchange for forgiving part of a $300 debt owed by Rios to Castillo.  Rios confirmed that he had sold the gun to Castillo for $100 about two months earlier.  Castillo gave the gun to Flores for protection.  Castillo, who was on state parole, had three (3) prior felony convictions and was prohibited from possessing a firearm.

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 14 of 45



**U.S. Departme\_\_of Justice**

*Federal Bureau of Prisons*

---

*P.O. Box 4000*
*Three Rivers, Texas 78071*

June 30, 2000

David H. Peck
Assistant United States Attorney
910 Travis St, Suite 1500
P. O. Box 61129
Houston, Texas 77208-1129

re: <u>Rene Castillo vs. Michael Purdy, Warden, FCI, Three Rivers</u>
    C-00-131

Dear Mr. Peck:

This litigation report has been prepared in response to your
request for assistance in the above referenced case.  Based on
the analysis presented herein, I recommend a motion for dismissal
be filed in this case for failure to state a claim and failure to
exhaust administrative remedies.

**PETITIONER**

The petitioner is a federal prisoner, Rene Castillo, Register
Number 79508-080, currently confined at the Federal Correctional
Institution (FCI), Three Rivers, Texas.  Petitioner is currently
serving a 77 month federal term of imprisonment following his
federal criminal conviction for Possession Of A Firearm By Felon
pursuant to 18 U.S.C. § 922(g)(1).  (Judgment and Commitment
Order as Attachment A).  His projected release date is November
13, 2004, via good-conduct time release.  That date represents a
best-case scenario whereby petitioner is presumed to receive all
possible good-conduct time sentence credit which he is eligible
without having any disallowed, for example, due to disciplinary
sanctions.  In the event all petitioner's good-conduct time
sentence credit is disallowed, his expiration full-term date is
September 11, 2005.


GOVERNMENT
EXHIBIT
1

Case 2:00-cv-00131  Document 15  Filed in TXSD on 07/27/2000  Page 15 of 45

The Texas Department of Criminal Justice has requested
notification upon Petitioner's release from federal custody.

## RESPONDENT

A petition for writ of habeas corpus shall name as respondent the
person having custody over the petitioner, and the writ shall be
directed to that person.  28 U.S.C. §§ 2242 and 2243.  For
purposes of habeas corpus petitions, the custodian of the
prisoner is the warden of the facility housing the inmate.  See,
Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 93 S.Ct.
1123, 35 L.Ed.2d 443, 452-3 (1997).  Warden Purdy is the proper
respondent in this matter.

## PETITION

In his complaint, Petitioner asserts several issues.  First, he
asserts his defense counsel made improper statements at the time
of sentencing.  Second, he asserts the sentencing court relied
upon improper sentencing guidelines.  By Petitioner's admission
in his complaint, the Fifth Circuit Court of Appeals has denied
his challenges to the imposition of his federal sentence.  These
issues are more appropriately challenged under a 81 U.S.C. 21
2255 motion as Petitioner is attacking the imposition of his
federal sentence.  Therefore, these issues are moot and will not
be addressed at this time.

Petitioner asserts he is statutorily guaranteed to receive credit
for time he spent in state custody, yet he appears to be confused
as to the exact amount of time he feels he is entitled to
receive.  Petitioner contends he is entitled to time credits from
the date his current federal sentence was imposed through the
date he was released from state custody.  Petitioner also
contends he is entitled to receive time credit from the date of
the imposition of the federal detainer through the date he was
released from state custody.

Plaintiff has provided the court with two choices of relief: That
the court order the Bureau of Prisons to credit his current
federal sentence 23 months (May 1997, the date detainer was
lodged against him) through April 11, 1999, (the date he was
released from state custody to federal custody); or in the
alternative, that the court order the Bureau of Prisons to credit
his current federal sentence 17 months, December 15, 1997, (the
date of imposition of his current federal sentence), through

2

April 11, 1999, (th date he was released from tate custody to
federal custody.)

## SERVICE OF PROCESS

Service of process for section 2241 petitions is governed by 28
U.S.C. § 2243 which requires only that the custodian of the
prisoner be served with a copy of the petition and order to show
cause.  On May 21, 2000, Warden Purdy received a copy of the
summons and complaint via certified mail.

## VENUE

Section 2241's venue provisions indicate the petition may be
brought in the district court serving the institution where the
petitioner is confined.  28 U.S.C. § 2241(d).  At the time
petitioner filed his complaint, he was confined at FCI, Three
Rivers, Texas, which is located in the Southern District of
Texas.  Venue is proper in the Southern District of Texas.

## EXHAUSTION OF ADMINISTRATION REMEDIES

The Prison Litigation Reform Act, (PLRA), signed into law on
April 26, 1996, amended 42 U.S.C. § 1997(e) to provide that "No
action shall be brought with respect to prison conditions under
.... any .... Federal law, by a prisoner confined in any jail,
prison, or other correctional facility until such administrative
remedies as are available are exhausted."  As a prerequisite to
pursuing a writ of habeas corpus, a petitioner must exhaust
administrative remedies.  United States v. Gabor, 905 F.2d 76,
(5th Cir. 1990).

With regard to the exhaustion requirement, the Bureau of Prisons
has established an appropriate administrative remedy process
whereby an inmate may redress the deprivation of any right to
which he is entitled.  This three-tiered process is first
initiated at the inmate's institution of confinement and if
dissatisfied with the Warden's response, the inmate may appeal to
the Regional Director.  If the inmate is dissatisfied with the
Regional Director's response, the inmate may appeal to the Office
of General Counsel, Bureau of Prisons.  An inmate is not deemed
to have exhausted his administrative remedies until he has been
denied relief at all three levels.  See, 28 C.F.R. §§ 542.10 et
seq.

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 17 of 45

Petitioner is unde. the mistaken belief that h nas exhausted the
Administrative Rem  es available to him. Thi.  complaint is the
first indication that Petitioner is challenging the imposition of
his sentence. A review of the administrative remedy records of
the Bureau indicates petitioner has not exhausted the
administrative remedies made available to him regarding the
issues in the petition. (Attachment B)

Based upon the above cited case law and statutory authority, I
recommend we file a motion for dismissal in this case.

### MERITS OF THE PETITION

Petitioner alleges in his complaint that on **February 19, 1997**, he
**was arrested for a parole violation and a pending state charge
for Possession Of Cocaine, Case No. 96-2900. He further alleges**
that during March 1999, he received a **five year state sentence**
for the above cited Possession Of Cocaine case. Petitioner
further alleges that during March 1998, his state parole for
Aggravated Possession of Cocaine, **Case No. 106, 390, was revoked.**

It appears Petitioner is attempting to persuade the court into
believing his parole violations occurred after his federal
sentence was imposed. Our records (Copy of Presentence
Investigation Report as Attachment C) indicate Petitioner's
parole revocations occurred prior to his federal sentencing. On
February 18, 1997, Petitioner's state parole was revoked in the
following cases: 89-334, Theft; 97-395, Burglary Of A Building;
and, Possession of Cocaine, 106,390. On April 4, 1997, Petitioner
received a five year state sentence for Possession Of Marijuana,
Case No. 96-3535. On April 4, 1997, Petitioner also received a
five year state sentence for Possession of a Controlled
Substance, Case No. 96-2900.

On September 9, 1997, while still in state custody, Petitioner
was "borrowed" by the U.S. Marshals, on a writ of habeas corpus
ad prosequendum. On December 11, 1997, Petitioner received his
current federal sentence of 77 months. Due to the fact
Petitioner was "borrowed" from the state for federal sentencing,
the U.S. Marshals returned him to the custody of the State Of
Texas to complete the remainder of his state sentence. He was
released from his state sentence via parole on April 12, 1999, to
begin service of his federal sentence.

4

CutePDF - www.fastha.com

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 18 of 45

## BASIC FEDERAL SENT. :E COMPUTATION DECISIONS

In any computation of a federal sentence, two separate decisions must be made: when the federal sentence commences and to what extent the petitioner can receive credit for time spent in custody prior to commencement of sentence.  For offenses committed prior to November 1, 1997, each of these decisions is governed by repealed 18 U.S.C. § 3568.  Section 3568 specifies that the Attorney General is responsible for sentence computation decisions.  For offenses committed on or after November 1, 1987, commencement of federal sentences is governed by 18 U.S.C. § 3585(a).  Prior custody credit is governed by 18 U.S.C. § 3585(b).  The provisions of § 3585 were designed to maintain the same basic authority for sentence computation in the Attorney General as under its predecessor. 18 U.S.C. § 3585(b) is a recodification of its predecessor statute 18 U.S.C. § 3568 which stated in relevant part:

> The sentence of imprisonment of any person
> convicted of an offense shall commence to run
> from the date on which such person is received
> at the penitentiary, reformatory, or jail
> for service of such sentence.  The Attorney
> General shall give any such person credit toward
> service of the his sentence for any days spent
> in custody in connection with the offense or act
> for which sentence was imposed.  18 U.S.C. § 3568.

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendants was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.  18 U.S.C. § 3585(b).

Based upon the above analogy, Petitioner can not statutorily receive the credit he feels he is entitled to receive.  At the time of his federal sentencing, he was under exclusive jurisdiction of the State Of Texas.  He was in service of his state sentence and was receiving credit toward that sentence, therefore, he is not entitled to receive any credit toward his federal sentence.

CitePDF - www.fasisu.com___

Case 2:00-cv-00131 Document 15 Filed in TXSD on 07/27/2000 Page 19 of 45

In <u>United States v. Wilson</u>, 503 U.S. 329, 112 Ct. 1351, 117 L.Ed.2d 593 (1992), the United States Supreme Court held that § 3585(b)....credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing. Prisoners may then seek administrative review of the computations of their credit. <u>See</u> 38 C.F.R. § 542.10-542.016 (1990), and once, they have exhausted their administrative remedies, prisoners may only then pursue judicial review of these computations. <u>Wilson</u>, <u>supra.</u>

As previously indicated, Petitioner has failed to exhaust his administrative pursuant to the requirements of 38 C.F.R. § 542.10-542.016.

## COMMENCEMENT OF FEDERAL SENTENCE

The underlying principle of both repealed § 3568 and present § 3585(a) is that a federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence. <u>Pinaud v. James</u>, 851 F.2d 27 (2d Cir. 1988); <u>Salley v. United States</u>, 786 F.2d 546 (2d Cir. 1986).

A federal sentence does not begin to run when a federal defendant is produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody. <u>Thomas v. Whalen</u>, 962 F.2d 358 (4th Cir. 1992); <u>Thomas v. Brewer</u>, 923 F.2d 1361 (9th Cir. 1991); <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990). The state authorities retain primary jurisdiction over the prisoner, federal custody does not commence until the state authorities relinquish the prisoner on satisfaction of the state obligation. <u>See</u> <u>Del Guzzi v. United States</u>, 980 F.2d 1269 (9th Cir. 1992); <u>Thomas v. Whalen</u>, <u>supra.</u> The sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquished it to another sovereign by, for example, bail release, dismissal of the state charges, parole release, or expiration of state sentence. <u>United States v. Warren</u>, 610 F.2d 680 (9th Cir. 1980); <u>United States v. Smith</u>; 812 F.Supp. 368 (E.D.N.Y. 1993). When a prisoner is borrowed from the primary custodian via a writ of habeas corpus ad prosequendum, principles of comity require the return of the prisoner to the primary custodian when the prosecution has been completed.

CUsPDF - www.fastio.com

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 20 of 45

## PRIOR CUSTODY TIME CREDIT

Time in custody of the United States Marshal pursuant to a
federal writ of habeas corpus ad prosequendum from state custody
is not federal custody in connection with the federal offense.
Thomas v. Whalen, supra; Miller v. United States, 826 F.Supp. 636
(N.D.N.Y. 1993); United States v. Smith, supra. The Supreme court
has noted that under § 3585 (b), "Congress made clear that a
defendant would not receive double credit for his detention
time." United States v. Wilson, 112 S. Ct. 1351, 1356 (1992).
Under § 3585(b), prior custody credit cannot be granted if the
prisoner has received credit towards another sentence. There are
some limited exceptions, see Kayfez v. Gasele, 993 F.2d 1288 (7th
Cir. 1993), but the general rule is that no credit is afforded
towards a federal sentence if credit has been given for the same
period of custody towards a state sentence.

## SCOPE OF AUTHORITY

The Attorney General is responsible for computing federal
sentences for all offenses committed on or after November 1,
1987, and has delegated that authority to the Director of the
Bureau of Prisons. 18 U.S.C. § 3585; See Chambers v. Holland,
920 F.Supp. 618, (M.D.PA 1996).

Petitioner's sentence was computed in accordance with statutory
authority. He is not entitled by statute to receive prior
custody credit toward his federal sentence.

## CONCLUSION

Petitioner's assertion that he is entitled to time credit from
May 1997, through April 11, 1999, is without merit. Although
Petitioner was in the custody of federal authorities, he was
simply "borrowed" for purposes of prosecution. The State of
Texas maintained exclusive jurisdiction. The State of Texas did
not relinquish their jurisdiction over Petitioner until he began
his federal sentence on April 12, 1999.

Petitioner failed to exhaust the administrative remedies
available to him in accordance with 38 C.F.R. § 542.10-542.016.
Petitioner's sentence was correctly computed in accordance with
18 U.S.C. § 3585(b). Therefore, he is not entitled to receive
any of the credit he is requesting.

7

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 21 of 45

Based upon the abov  statutory analogy and case law, I recommend
a motion be filed i_ dismissal of Petitioner' _complaint for his
failure to exhaust administrative remedies and failure to state a
claim.

I trust this litigation report will assist you in preparing a
response to the court.  If I may be of further assistance, please
feel free to call me at 512-786-3576, ext. 108.

Sincerely,

_Julie H. Gerardi_

Julie H. Gerardi
Paralegal Specialist

Attachments

CVAPDF - www.fesino.com

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 22 of 45

# SENTENCE COMPUTATION

CibPDF - www.fastio.com

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 23 of 45

```
 TRVSI  540*23 *           SENTENCE MONITORING          *     06-29-2000
 PAGE 001        *          COMPUTATION DATA             *     07:55:50
                            AS OF 06-29-2000
```

REGNO..: 79508-080 NAME: CASTILLO, RENE

```
FBI NO...........: 89883CA1            DATE OF BIRTH: 05-22-1964
ARS1.............: TRV/A-DES
UNIT.............: JIM WELLS            QUARTERS.....: J04-216U
DETAINERS........: NO                  NOTIFICATIONS: YES
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 11-13-2004 VIA GCT REL

REMARKS........: NOT: TX DEPT OF CRIMINAL JUSTICE, AUSTIN, TX

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

```
COURT OF JURISDICTION...........: TEXAS, WESTERN DISTRICT
DOCKET NUMBER...................: A-97-CR-157JRN
JUDGE...........................: NOWLIN
DATE SENTENCED/PROBATION IMPOSED: 12-11-1997
DATE COMMITTED..................: 05-12-1999
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES       COSTS
NON-COMMITTED.: $100.00        $00.00          $5,000.00   $00.00
```

RESTITUTION...: PROPERTY: NO  SERVICES: NO        AMOUNT: $00.00

----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 136
OFF/CHG: 18:922(G)(1) POSSESSION OF A FIREARM BY FELON

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  77 MONTHS
 TERM OF SUPERVISION............:   3 YEARS
 DATE OF OFFENSE................: 02-19-1997
```

G0002        MORE PAGES TO FOLLOW . . .

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 24 of 45

```
   TRVSI   540*23 *               SENTENCE MONITORING           *       06-29-2000
 PAGE 002 OF 002 *               COMPUTATION DATA               *       07:55:50
                                 AS OF 06-29-2000

 REGNO..: 79508-080 NAME: CASTILLO, RENE


-----------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 05-19-1999 AT TRV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 04-12-1999
TOTAL TERM IN EFFECT............:    77 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    6 YEARS      5 MONTHS

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT POSSIBLE..............: 302
TOTAL GCT AWARDED...............: 54
STATUTORY RELEASE DATE (CURRENT): 07-19-2005
SIX MONTH /10% DATE.............: 05-13-2004
EXPIRATION FULL TERM DATE.......: 09-11-2005


PROJECTED SATISFACTION DATE.....: 11-13-2004
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: REL FROM TEXAS DOC ON 4-12-1999
```

```
S0055          NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

A

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 26 of 45

# UNITED STATES DISTRICT COURT
## Western District of Texas
### AUSTIN DIVISION

**FILED**

Dec 15 10₄7 AM '97

U.S. CLERKS OFFICE
BY
DEPUTY

UNITED STATES OF AMERICA

v.

Case Number   A-97-CR-157JRN
USAO Number   97-00808

RENE CASTILLO
Alias: Roberto Castillo and David Castillo
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

- The defendant, RENE CASTILLO, was represented by William H. Ibbotson.

The defendant pled guilty to count 1 of the information at arraignment on October 22, 1997. Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:922(g)(1) | POSSESSION OF FIREARM BY FELON | 02/19/97 | 1 |

As pronounced on **DECEMBER 11, 1997**, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 1 of the information, which shall be due immediately. Said special assessment shall be made to the Clerk, United States District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 11th day of December, 1997.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE

A true copy of the original, I certify
WILLIAM G. PUTNICKI
Clerk, U. S. District Court

By _____
Deputy Clerk

Defendant's SSN: 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
Defendant's Date of Birth: 05/22/64
Defendant's Legal Address: 1700 White Oak, Round Rock, TX 78681

AO 245 S (Rev. 10/93)(W.D.T. Rev. 2.0) S        Imprisonment

Defendant: RENE CASTILLO
Case Number: A-97-CR-157

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SEVENTY-SEVEN (77) MONTHS to run CONSECUTIVELY** to any term of imprisonment the defendant is now serving.

The Court makes the following **RECOMMENDATION** to the Bureau of Prisons: that the defendant shall be designated to a federal correctional facility where he may receive treatment and counseling for substance abuse during the period of confinement.

The defendant is **CONTINUED** in custody pending service of sentence.

**RETURN**

I have executed this Judgment as follows:

Defendant delivered on _5-12-95_ to _____

at _____ with a certified copy of this Judgment.

United States Marshal

By _____
Deputy Marshal

Case 2:00-cv-00131    Document 15    Filed in TXSD on 07/27/2000    Page 28 of 45

Supervised Release

Defendant: RENE CASTILLO
Case Number: A-97-CR-157

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

**X**    The defendant shall provide the United States Probation Office with access to any requested financial information or documents during the period of supervision.

**X**    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

**X**    The defendant shall participate in a program approved by the United States Probation Office for treatment of narcotic testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

CMJPDF - www.fesiso.com

Defendant: RENE CASTILLO
Case Number: A-97-CR-157

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance. Revocation of probation and supervised release is mandatory for possession of a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device. Probation must be revoked for possession of a firearm.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 30 of 45

Defendant: RENE CASTILLO
Case Number: A-97-CR-157

## FINE

The defendant shall pay a fine of $5,000.00.  This fine includes any costs of incarceration and supervision.

If the fine exceeds $2,500.00, interest will accrue on this fine unless the fine is paid in full within 15 days of this judgment pursuant to 18 U.S.C. § 3612(f)(1).

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement during the period of incarceration pursuant to 18 U.S.C. § 3612(f)(3).

This fine shall be paid to the Clerk, United States District Court.

The fine shall be paid immediately.  If the defendant is now unable to pay this indebtedness, he shall cooperate fully with the office of the United States Attorney, the Bureau of Prisons and/or the United States Probation Office to make payment in full as soon as possible, including any period of confinement.  Any unpaid balance at the commencement of a term of supervised release may be paid on a schedule of monthly installments to be approved by the Court and becomes a condition of supervision.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed.  See 18 U.S.C. § 3614.

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 31 of 45

~~...~~ (Rev. ...)(...) ...          Statement of Reasons

Defendant: RENE CASTILLO
Case Number:  A-97-CR-157

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 21 |
| Criminal History Category: | VI |
| Imprisonment Range: | 77 months to 96 months |
| Supervised Release Range: | 2 years to 3 years |
| Fine Range: | $ 7,500 to $ 75,000 |
| Restitution: | $ N/A |

The fine is BELOW the guideline range because of the defendant's inability to pay.

The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

B

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 33 of 45

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RENE CASTILLO                }
       Petitioner,         }
                         }
       V.                    }     Civil Action No.
                         }     C.A. C-00-131
                         }
MICHAEL PURDY,           }
       Respondent,        }

## DECLARATION OF JULIE H. GERARDI

I, Julie H. Gerardi, make the following unsworn declaration in accordance with 28 U.S.C. § 1746. Under penalty of perjury, I declare the following is true and correct.

1.   I am currently the Paralegal Specialist for the Federal Correctional Institution, Three Rivers, Texas.

2.   Inmate Rene Castillo, Register Number 79508-080, is currently confined at the Federal Correctional Institution located in Three Rivers, Texas.

3.   My responsibilities as Paralegal Specialist include access to the computerized logging system of inmate Administrative Remedy submissions to the Bureau of Prisons.

4.   I have accessed and reviewed the record of Administrative Remedies submitted by Rene Castillo, Register Number 79508-080. Rene Castillo has not submitted any administrative remedies relevant to the complaint.

5.   Rene Castillo, Register Number 79508-080, has not exhausted the Bureau of Prisons Inmate Administrative Remedy Process.

Executed on the 3o'" day of June 2000.

_Julie H. Gerardi_
Julie H. Gerardi
Paralegal Specialist

C

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 35 of 45

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | PRESENTENCE INVESTIGATION REPORT |
| ) | |
| RENE CASTILLO ) | Docket No. A-97-157-JN |

**Prepared For:**   The Honorable James R. Nowlin
                    U.S. District Judge

**Prepared By:**    Karen L. Collins
                    U.S. Probation Officer
                    Austin, Texas
                    (512) 916-5761 ext. 242

**Assistant U.S. Attorney**          **Defense Counsel**
Gerald Carruth                       Bill Ibbotson
816 Congress Ave., Suite 1000        Assistant Federal Public Defender
Austin, Texas  78701                 (Court-appointed)
(512) 916-5858                       800 Brazos, Suite 490
                                     Austin, Texas  78701
                                     (512) 482-5025

**Sentence Date:**   12/11/97

**Offense:**   <u>Count 1</u>:  Possession of a Firearm by a Felon,
               18 U.S.C § 922(g)(1); 10 years imprisonment, 3
               years supervised release, $250,000 fine

**Release Status:**   On writ from TDC.

**Detainers:**   None.

**Codefendants:**   None.

**Related Cases:**   None.

**Date Report Prepared:**  11/14/97    **Date Report Revised:** 12/4/97

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 36 of 45

## PART A.    THE OFFENSE

### Charge(s) and Conviction(s)

1.  On October 3, 1997, a one-count Information was filed in the Western District of Texas, Austin Division, charging Rene Castillo, with Possession of a Firearm by a Felon in violation of 18 U.S.C § 922(g)(1).  The defendant pled guilty to the above stated charge on October 22, 1997.

2.  Pursuant to a Plea Agreement, the defendant agrees to give a full, complete, and truthful statement to law enforcement authorities; to give a full financial statement; to pay the special assessment; and to waive appeal, except in an upward departure.  Any information provided by the defendant is protected in accordance with the provisions of U.S.S.G. § 1B1.8.  The Government agrees not to pursue other Title 21 or Title 18 offenses against this defendant with regard to the facts that gave rise to this case.

### Related Cases

3.  None.

### The Offense Conduct

4.  Information pertaining to the offense was obtained from investigative reports of the Austin Police Department (APD) and the Bureau of Alcohol, Tobacco and Firearms (ATF), witness statements, and information provided by the defendant.

5.  On February 19, 1997, members of the APD's Special Investigations Division conducted an on-going narcotics investigation of Rene Flores who was residing at 3414 Willowrun Drive #D in Austin, Texas.  Information provided by a Confidential Informant revealed that Flores was keeping and selling marijuana from the residence.

6.  On the same above date, a narcotic search warrant was executed at the Flores residence.  Present at the residence was Flores.  The officers seized approximately 75 pounds of marijuana, narcotics paraphernalia, a loaded Taurus .44 magnum revolver, and one box containing 33 cartridges of Remington and .44 caliber ammunition.  Authorities located the revolver and approximately two pounds of marijuana in Flores' bedroom.  The remainder of the marijuana was found in a bedroom belonging to Rene Castillo.

7.  The investigation revealed that Rene Castillo had been Rene Flores' roommate since January 5, 1997.  Flores had known Castillo for six to seven months and stated that Castillo trafficked in marijuana, and used the residence to store and package marijuana.  Castillo would have packages of marijuana mailed to his girlfriend's, Barbara Reyes Hernandez's, house from a guy named "Roy" in Laredo.  On at least one occasion,

3

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 37 of 45

Castillo had Flores pick-up the marijuana from Hernandez's house.

8.  Flores informed authorities that Castillo told him that Martin Rios gave Castillo the handgun in exchange for a $300 debt owed by Rios to Castillo.  Flores said that after he expressed concern to Castillo about some of the individuals coming to the residence, Castillo gave him the handgun for protection.

9.  Castillo later arrived at the residence and was subsequently arrested by authorities on drug-related charges.  Castillo, who was on state parole, had three prior felony convictions and is prohibited from possessing a firearm.

10. Rios, who was later interviewed by authorities, confirmed that he sold the gun to Castillo for $100 approximately two months prior to the aforementioned date.

### Victim Impact

11. There are no identifiable victims of the offense.

### Adjustment for Obstruction of Justice

12. The Probation Office has no information to suggest that the defendant obstructed or impeded justice.

### Adjustment for Acceptance of Responsibility

13. The record indicates that the defendant has clearly demonstrated an affirmative acceptance of personal responsibility for having committed this offense, as set forth by the Sentencing Commission under 3E1.1(a).  Further, the defendant has assisted authorities in the investigation and prosecution of his own misconduct by taking steps to timely provide complete information concerning his own involvement in the offense, and by timely notifying the authorities of his intention to enter a plea of guilty.  The offense level is more than 16, and under 3E1.1(a) and (b) he is eligible for a total reduction of three (3) levels.

14. The defendant, with his attorney, was interviewed for the presentence report on November 4, 1997 and provided the following written statement:

> I left a bag at a friend's house.  I stayed there time to time.  When the police searched the house, they found the gun.  I possessed that gun knowing I was a convicted felon.  A friend gave me a gun.  I knew it was wrong.  I am sorry.  I admit to everything in the factual basis.

4

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 38 of 45

## Offense Level Computations

Under U.S.S.G. § 2K2.1(c)(1)(A), if the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition with knowledge or intent that it would be used or possessed in connection with another offense, apply § 2X1.1 in respect to that other offense, if the resulting offense level is greater than that determined under 2K2.1. The defendant possessed the firearm in connection with the offense of possession with intent to distribute marijuana. The guideline calculations for both offenses are presented below.

16. The Sentencing Guidelines Manual which incorporates amendments effective November 1, 1997 is being utilized for guideline computation purposes, and consideration of the ex post facto clause has been applied.

### Possession of a Firearm by a Felon

17. **Base Offense Level:**   The United States Sentencing Commission Guideline for violation of 18 U.S.C. § 922(g)(1) is found in U.S.S.G § 2K2.1 and calls for a base offense level of 20.                                                **20**

18. **Specific Offense Characteristics:**   Pursuant to 2K2.1(b)(5), four points are added because the defendant has a prior conviction for a crime of violence in cause #97,395.                                                          **4**

19. **Victim-Related Adjustments:** None.

20. **Adjustments for Role in the Offense:** None.                     **0**

21. **Adjustment for Obstruction of Justice:** None.                   **0**

22. **Adjusted Offense Level (Subtotal):**                             **0**

                                                                   **24**

23. **Adjustment for Acceptance of Responsibility:** The defendant demonstrates an acceptance of personal responsibility for his criminal conduct. Pursuant to U.S.S.G. § 3E1.1(a), the offense level is reduced 3 levels.                                                        **-3**

24. **Total Offense Level:**

                                                                   **21**

### Possession with Intent to Distribute Marijuana

25. **Base Offense Level:**   The United States Sentencing Commission Guideline for violation of 21 U.S.C. 841(a)(1) is found in U.S.S.G § 2D1.1 and calls for base offense level of 18, based on 34.02 kg of marijua

5

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 39 of 45

26. **Specific Offense Characteristics:** Pursuant to 2D1.1(b)91), 2 points are added for possession of a weapon.  **2**

27. **Victim-Related Adjustments:** None.  **0**

28. **Adjustments for Role in the Offense:** None.  **0**

29. **Adjustment for Obstruction of Justice:** None.  **0**

30. **Adjusted Offense Level (Subtotal):**  **20**

31. **Adjustment for Acceptance of Responsibility:** The defendant demonstrates an acceptance of personal responsibility for his criminal conduct. Pursuant to U.S.S.G. § 3E1.1(a), the offense level is reduced 3 levels.  **-3**

32. Pursuant to U.S.S.G. 2K2.1(c)(1)(A), the resulting offense level is greater in respect to the Possession of a Firearm by a Felon offense, which is an offense level 21; therefore, the cross reference section is not applicable.


**PART B.  DEFENDANT'S CRIMINAL HISTORY**

**Juvenile Adjudication(s)**

33. None indicated.

**Adult Criminal Conviction(s)**

| Date of Arrest | Conviction/ Court | Date Sentence Imposed/Disposed | Guideline/ Score | |
|---|---|---|---|---|
| 34. 11/16/85 (age 20) | DWI; #11,878 County Court at Law. Williamson County, TX | 12/4/85: Pled guilty. 72 hours jail and fined $400. | 4A1.1 | 0 |

Case 2:00-cv-00131 Document 15 Filed in TXSD on 07/27/2000 Page 40 of 45

| 35. | 8/2/87 (age 23) | Theft: #89,334 331st District Court Travis County, TX | 9/28/89: Pled guilty 6 years probation. 12/3/90: Probation revoked. 2 years TDC served in county jail. 5/24/91: Paroled. 3/3/94: Parole revoked. 1/11/96: Mandatorily released; Parole supervision until 7/13/99. 2/18/97: Parole revoked. | 4A1.1(a) | 3 |

A police report indicated that the defendant and two accomplices were arrested while trying to sell a Compaq computer and an Epson printer. Defendant was represented by an attorney.

| 36. | 5/31/89 (age 23) | Burglary of a Building; #97,395 331st District Court Travis County, TX. | 9/28/89: Pled guilty. 6 years probation plus $21,896.79 in restitution. 12/3/90: Probation revoked. 2 years TDC served in county jail. 5/24/91: Paroled. 3/3/94: Parole revoked. 1/11/96: Mandatorily released; Parole supervision until 7/13/99. 2/18/97: Parole revoked. | 4A1.1(a) | 3 |

The offense report indicated that after an investigation, the defendant was arrested for Burglary of a Building and Unlawful Carrying of a Weapon to wit: a blue steel RG model 14S .22 caliber revolver. Defendant was represented an attorney.

CMPDF - www.festo.com

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 41 of 45

37.  11/19/90   Aggravated        12/21/90: 5               3
     (age 26)   Possession of a   years TDC.
                Controlled        5/24/91:
                Substance to      Paroled.
                wit: Cocaine;     3/3/94: Parole
                #106,390 299th    revoked.
                District Court    1/11/96:
                Travis County,    Mandatorily
                TX.               released; Parole
                                  supervision
                                  until 7/13/99.
                                  2/18/97: Parole
                                  revoked.

The defendant was represented by an attorney.

38.  7/31/96    Possession of a   4/4/97: Pled    4A1.1(a)   3
     (age 32)   Controlled        guilty. 5 years
                Substance; #96-   TDC.
                2900 299th
                District Court
                Travis County,
                TX.

The offense report indicated that the defendant was a
passenger in a vehicle that was stopped for a traffic
violation. A clear plastic baggie with a substantial amount
of white powder was later tested and confirmed to be 27.61
grams of cocaine. The defendant was represented by an
attorney.

The defendant stated that he posted bond for this offense,
but he did not appear in court as directed. He also stated
that he was picked up on an outstanding warrant for this
offense on 2/19/97 at the time of the instant offense.

39.  2/19/97    Possession of     4/4/97: 5 years  4A1.1(a)   0
     (age 32)   Marijuana;        TDC.
                #96,3535 299th
                District Court
                Travis County,
                TX.

The offense report indicates that a narcotics search warrant
was executed at 3414-D Willowrun where the defendant resided
with a roommate. Marijuana was located in both bedrooms.
A loaded Taurus blue steel .44 caliber revolver and a box
of 33 cartridges of Remington and .44 caliber ammunition
were seized. The defendant was represented by an attorney.

Case 2:00-cv-00131  Document 15  Filed in TXSD on 07/27/2000  Page 42 of 45

## Criminal History Computation

40. The criminal convictions above result in a sub-total criminal history score of 12.

41. At the time the instant offense was committed, the defendant was on parole for the sentence imposed on 12/21/90. Pursuant to U.S.S.G. § 4A1.1(d), 2 points are added.

42. The instant offense was committed less than 2 years following the defendant's release from custody on 11/10/95 for the sentence of 12/21/90. Pursuant to U.S.S.G. § 4A1.1(e), 1 point is added.

43. The total of the criminal history points is 15. According to the Sentencing Table at U.S.S.G. Chapter Five, Part A, 15 criminal history points establish a criminal history category of VI.

## Other Criminal Conduct

44. None indicated.

## Pending Charges

45. None indicated.

## Other Arrests

| | Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|---|
| 46. | 12/25/82 (age 18) | Public Intoxication/ Retaliation | Laredo, TX. | Case dismissed. Hardship case, defendant was in the armed services. |

According to the police report, a police officer was dispatched to a call in reference to a subject who was intoxicated and was behind the wheel of a car. Upon arrival, the officer instructed the defendant to get out of the vehicle. The defendant smelled like alcohol and he almost fell when he got out of the car. The defendant was then informed that he was being arrested for public intoxication and that his car was being impounded. The defendant replied to the officer that he would see him in court. The defendant further threatened the officer by saying that he would kill him and his family would pay.

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 43 of 45

47.  1/31/83    Criminal         Laredo, TX.        Charges
     (age 18)   Trespass                            dropped.

According to the police report, the defendant and other
subjects were at a high school causing a disturbance. They
had previously been told to stay away from the premises.
They were subsequently arrested for Criminal Trespass.

48.  4/17/83    Unlawfully       Laredo, TX.        11/11/83: Case
     (age 18)   Carrying a                          closed, TABC
                Firearm where                       permit
                Alcoholic                           received late
                Beverages are                       at D.A.'s
                Sold.                                office.

According to the police report, a police officer was
dispatched to a music hall where security officers detained
the defendant for carrying a weapon within the premises.
The defendant was subsequently arrested.

49.  7/21/83    Robbery          Laredo, TX.        No billed.
     (age 19)

According to the police report, the defendant, along with
two other subjects, picked up the victim after offering to
give him a ride. The victim accepted the ride and he was
taken to a place close to some railroad tracks. The
defendant was forced out of the vehicle by his hair and was
robbed of his personal belongings. The victim was kicked
on his back and head and he was told that if he shouted for
help, he would be killed.

According to the Webb County Jail Records Division, the
defendant was turned over to military custody on October 7,
1983. The defendant was transferred to the Fort Hood
Military base. According to the Fort Hood Criminal Records
Division, all records prior to 1992 have been destroyed.

50.  11/29/90   Public           Austin, TX.        No charges
     (age 26)   Intoxication                        filed.

51.  6/15/92    Possession of    Cass County, TX.   No charges
     (age 28)   Marijuana/                          filed.
                Possession of
                Drug
                Paraphernalia.

According to the offense report, the defendant was the
driver of a vehicle stopped for a traffic infraction. A
search of the vehicle revealed a small quantity of marijuana

Case 2:00-cv-00131   Document 15   Filed in TXSD on 07/27/2000   Page 44 of 45

and drug paraphernalia. A large amount of cash ($28,000)
was also found in the vehicle.

52.  1/19/94   Possession of     Laredo, TX.      8/15/94: Case
     (age 29)  Stolen Property                    dismissed.
               / Possession of
               a Controlled
               Substance

According to the offense report, while on routine patrol,
Laredo police officers observed the defendant and his
brother walking away from some parked vehicles in a hotel
parking lot.  While questioning the defendant, he began
getting verbally aggressive and his brother was nervous.
The defendant's brother advised the police that they were
going back to their room but officers observed their car's
engine was left running.  After running a check on both
individuals, a parole warrant was revealed for the
defendant.  Upon further investigation of the defendant's
rental car, the officers found stolen property in the trunk
of the car and they also found cocaine in a jacket that was
in the hotel room.

## PART C.  OFFENDER CHARACTERISTICS

### Personal and Family Data

53.  The following information was confirmed by a telephone
conversation with the defendant's sister, Lydia Padilla, and his
mother, Beatrice (Garcia) Castillo.

54.  The defendant was born the eleventh of fourteen children to
Leonardo Castillo (deceased) and Beatrice (Garcia) Castillo (age
67).  The defendant's mother resides at 1700 White Oak in Round
Rock, Texas.  The defendant's father died of a heart attack on
10/31/67 when the defendant was about three years old.  The
defendant stated that he maintains contact with his family
members and is closer to Ms. Padilla.

55.  The defendant's siblings are the following: Angelina Castillo,
age 46, of Pflugerville, Texas; Leonardo Castillo, Jr., age 45,
of Corpus Christi, Texas; Beatriz Herrera, age 43, of Austin,
Texas; Sandra Ledesma, age 42, of Cedar Park, Texas; Magdalena
Martinez, died in 1993 of cancer; Hilda Gutierrez, age 39, of
Austin, Texas; Lydia Padilla, age 38, of Round Rock, Texas; Lilia
Rodriguez, age 38, of Del Valle, Texas; Christina Garcia, age 36,
of Round Rock, Texas; Sergio Castillo, age 35, of Fondulac,
Wisconsin; Robert Castillo, age 32, of Austin, Texas; Rogelio
Castillo, age 32, of Austin, Texas; and Marco Antonio Castillo,
age 30, who reportedly has been confined in TDC for non-payment
of child support.

CIVPDF - www.fesno.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **RENE CASTILLO,** | § | |
| **Movant,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MICHAEL PURDY, WARDEN** | § | **CIVIL ACTION NO. C-00-131** |
| **Respondent.** | § | |
| **(CRIMINAL NO. A-97-157 JRN)** | § | |

O R D E R

Petitioner's Rene Castillo's Petition for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 is DENIED.

Signed at Corpus Christi, Texas on _____, 2000.

_____
JANIS GRAHAM JACK
United States District Judge