IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 1 2 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| RENE CASTILLO, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | C.A. NO. C-00-131 |
| | § | |
| M.A. PURDY, WARDEN, | § | |
| FCI THREE RIVERS, | § | |
| Respondent. | § | |

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

In this habeas corpus action under 28 U.S.C. § 2241, federal prisoner Rene Castillo ("Castillo") challenges the calculation of his sentence by the Bureau of Prisons ("BOP"), claiming that he is entitled to credit on his federal sentence for time spent in state custody (Petition and Memorandum, D.E. 1 and 2). He claims that the BOP employed the wrong commencement date in calculating his sentence and that if the commencement date is not corrected, he will end up serving more time than his 120 month sentence.

Respondent moves to dismiss on the ground that Castillo has failed to exhaust his administrative remedies (D.E. 15). Castillo has not filed a response.[1] For the reasons stated herein, respondent's motion to dismiss is granted, and Castillo's petition is dismissed without prejudice to provide Castillo the opportunity to exhaust his administrative remedies.

---

[1] Pursuant to Local Rule 6.E., failure to respond is taken as a representation of no opposition. See also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir.), cert. denied, 522 U.S. 875, 118 S. Ct. 195 (1997) (affirming dismissal of habeas corpus petition for failure of petitioner to respond to motion for summary judgment).

## I. JURISDICTION

The Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 2241.

## II. BACKGROUND FACTS

On February 19, 1997, Castillo was arrested for a parole violation and for a pending state charge for possession of cocaine.[2] He was also arrested on that same date for another charge of possession of marijuana.

According to Castillo, the State dismissed the marijuana charge the following month. Castillo was found guilty on the cocaine charge in Cause No. 96-2900 in the 299th Judicial District Court, Travis County, Texas, and sentenced to five years in the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID").

In May 1997, while he was serving the state sentence for possession of cocaine, a federal detainer was lodged against Castillo for possession of a firearm by a felon. In December 1997, Castillo entered a plea agreement on that weapons charge and was sentenced to 77 months in federal custody, to run consecutively with his state sentence -- *which* state sentence is the subject of Castillo's petition.

---

[2] The factual background of this case is drawn from Castillo's Memorandum in support of his petition (D.E. 2) and is set out only for purposes of this order. In his motion to dismiss, respondent disagrees with certain facts presented by Castillo (e.g., D.E. 15 at 7), but the Court need not decide these matters at this point. The Court reserves judgment as to the facts involved in this case until such time as it considers on the merits any future petition of Castillo.

Castillo was transferred back to state custody in December 1997. Three months later, after the imposition of his federal sentence and while Castillo was still serving his state sentence for possession of cocaine, a previous parole on a five-year sentence for aggravated possession of cocaine in Case No. 106,390 in the 299th District Court of Travis County was revoked.

Castillo seeks an order directing the BOP to recalculate his current federal sentence in one of two alternative ways, giving him credit either (1) from May 1997, when the federal detainer was lodged against him, until the present (23 months as of the filing of the instant petition) or (2) from the time he received his federal sentence (December 1997) until the time he was released from state into federal custody (April 1999)(17 months).

In his memorandum, Castillo details the reasons he should be entitled to credit for one of these time periods, but the Court does not reach these arguments. Respondent alleges in his motion to dismiss that Castillo has not exhausted his administrative remedies on the issue of whether he is entitled to credit for either of these periods (D.E. 15 at 6). Castillo's petition and memorandum completely fail to provide any factual basis for the bald assertion in the "jurisdictional statement" (D.E. 2 at 1) that Castillo has exhausted his administrative remedies, and respondent contends that Castillo has not even initiated the administrative remedies available to him through the BOP.

## III. APPLICABLE LAW AND DISCUSSION

### A. Section 2241

A petitioner's motion for habeas corpus relief is properly considered under § 2241 when it appears that petitioner "is challenging the manner in which his sentence is being executed rather than the validity of his conviction and sentence." United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990); United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985)(per curiam). A motion to receive credits on a sentence is a motion challenging the manner in which a sentence is executed and must be brought under § 2241. Gabor, 905 F.2d at 78 (quoting Soyka v. Alldredge, 481 F.2d 303, 304 (3d Cir. 1973) ("a motion for credit of time calls for the computation of the service of a legally rendered sentence and is not directed toward the sentence itself")).

Here, Castillo seeks credit on his federal sentence for time spent in state custody. As such, he is challenging the manner in which his sentence is being executed, and his claim is asserted properly pursuant to § 2241.

### B. Exhaustion

The BOP provides a three-tiered administrative process by which inmates can present a complaint. 28 C.F.R. § 542.10 et. seq. First, the inmate must present the complaint to a staff member at the facility where he is housed. 28 C.F.R. § 542.13(a). If this informal procedure does not resolve the

4

issue, the inmate may file a formal written complaint with the warden at the local level. 28 C.F.R. § 542.13(b). If not satisfied with the warden's response, the inmate may appeal within twenty days of the response to the regional director. 28 C.F.R. § 542.15(a). If unsatisfied at the regional level, then the inmate has 30 days from the date of the regional director's response to appeal to the general counsel. The appeal to the general counsel is the final administrative appeal provided by the BOP. Id.

A federal petitioner seeking relief pursuant to 28 U.S.C. § 2241 must first exhaust his administrative remedies through the Bureau of Prisons. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)(per curiam); Gabor, 905 F.2d at 78 n.2; United States v. Smith, 869 F.2d 835, 837 n.1 (5th Cir. 1989). "'The exhaustion of administrative remedies doctrine requires not that only administrative remedies selected by the complainant be first exhausted, but instead that all those prescribed administrative remedies which might provide appropriate relief be pursued prior to seeking relief in the federal courts.'" Smith v. Thompson, 937 F.2d 217, 219 (5th Cir. 1991) (citation omitted) (prisoner challenging Parole Commission decision was required to exhaust administrative remedies including reconsideration hearing).

Exhaustion is sometimes excused. "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to

5

exhaust such remedies would itself be a patently futile course of action.'" <u>Fuller</u>, 11 F.3d at 62 (citation omitted). Moreover, "exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" and the petitioner bears the burden of demonstrating the futility of administrative review. <u>Id</u>.(citations omitted).

In this case, Castillo simply alleges that he "has attempted to resolve the matter Administratively, to no avail, thus, Administrative remedy has been exhausted" (D.E. 2 at 1). However, the fact that Castillo has so far been unsuccessful in whatever administrative steps he has selected does not mean that the process is inadequate or that it would be futile for him to exhaust his administrative remedies. Further, he does not identify what attempts he made or whether he completed the procedure provided by the BOP. Castillo has not filed a response to controvert respondent's statement that Castillo has not exhausted his administrative remedies. As pointed out in footnote 1, this lack of a response is taken as a representation of no opposition.[3] Clearly, then, Castillo does not meet his burden of demonstrating "extraordinary circumstances" to justify an exception to the exhaustion requirement.

---

[3] On August 23, 2000, Castillo filed a motion for extension of time to reply to any response to his petition in the event such response was filed while Castillo was in transit to Beaumont (D.E. 16). Over three months have passed since that motion was filed. Respondent's motion to dismiss contained a certificate of service (D.E. 15 at 12), and the Clerk of Court has not received any returned mail for Castillo. The Court therefore concludes that Castillo timely received respondent's answer and motion to dismiss and had ample opportunity to respond to any portion of the motion to dismiss.

## IV. CERTIFICATE OF APPEALABILITY

Castillo has not requested a Certificate of Appealability ("COA"), but this Court may determine whether he is entitled to one. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)("It is perfectly lawful for district court's [sic] to deny COA sua sponte. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued."). A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998)(per curiam); see also Hill v. Johnson, 114 F.3d 78, 82 (5th Cir. 1997)("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998)(per curiam). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed

further." Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir.), cert. denied, ___ U.S. ___, 121 S. Ct. 400 (2000). The Supreme Court has stated:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000).

While the issues Castillo raises are clearly important and deserving of the closest scrutiny, the Court finds that consideration of his claims is foreclosed at this point by his failure to exhaust administrative remedies. This Court concludes that, under these circumstances, Castillo has failed to make a "substantial showing of a constitutional right." This Court concludes that Castillo is not entitled to a Certificate of Appealability.

### V. CONCLUSION

Accordingly, Castillo's Motion for Extension of Time is DENIED as moot. Respondent's motion to dismiss is GRANTED, and

8

Castillo's § 2241 petition is DISMISSED WITHOUT PREJUDICE so that he might exhaust his administrative remedies.

ORDERED this 11th day of December, 2000.

                                JANIS GRAHAM JACK
                                UNITED STATES DISTRICT JUDGE